UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| MONICA JEMISON and BERNARD JEMISON ) | Case No. 3:22-cv-226 |
| ) | |
| Plaintiffs ) | JURY DEMAND |
| ) | |
| v. ) | |
| ) | |
| THE DOLLYWOOD COMPANY; DOLLY ) | |
| PARTON PRODUCTIONS, INC.; DW HOLDING ) | |
| COMPANY, LLC; HERSCHEND ) | |
| ENTERTAINMENT COMPANY, LLC; and ) | |
| HERSCHEND FAMILY ENTERTAINMENT ) | |
| CORPORATION ) | |
| ) | |
| Defendants ) | |

## COMPLAINT

Comes now Plaintiffs Monica Jemison and Bernard Jemison; file this their Complaint; sue Defendants The Dollywood Company; Dolly Parton Productions, Inc.; DW Holding Company, LLC; Herschend Entertainment Company, LLC; and Herschend Family Entertainment Corporation; and for cause of action against said Defendants state as follows:

I. PARTIES.

1. Plaintiffs Monica Jemison and Bernard Jemison are citizens and residents of the State of Virginia currently residing at 403 Robinson Road, Hampton, Virginia 23661.

2. Defendant The Dollywood Company is a joint venture of Dolly Parton Productions, Inc. and DW Holding Company, LLC that was organized under the laws of the State of Tennessee; was doing business in the State of Tennessee at all times relevant to this cause of action; has its principal place of business located at 2700 Dollywood Parks Blvd., Pigeon Forge, Tennessee

37863; and can be served with process through its registered agent: Evan Schukman, 2700 Dollywood Parks Blvd., Pigeon Forge, Tennessee 37863-4102.

3. Defendant Dolly Parton Productions, Inc. is a corporation that was organized under the laws of the State of California; was doing business in the State of Tennessee at all times relevant to this cause of action; has its principal place of business located at Suite 1600, 1880 Century Park E., Los Angeles, California 90067-1661; and can be served with process through its registered agent: ERESIDENTAGENT, Inc., Suite B, 992 Davidson Drive, Nashville, Tennessee 37205-1051.

4. Defendant DW Holding Company, LLC is a limited liability company that was organized under the laws of the State of Missouri; was doing business in the State of Tennessee at all times relevant to this cause of action; has its principal place of business located at 2800 W. Highway 76, Branson, Missouri 65616-2170; and can be served with process through its registered agent: Evan Schukman, 2700 Dollywood Parks Blvd., Pigeon Forge, Tennessee 37863-4102.

5. Defendant Herschend Entertainment Company, LLC was organized under the laws of the State of Missouri; was doing business in the State of Tennessee at all times relevant to this cause of action; has its principal place of business located at 2800 W. 76 County Blvd., Branson, Missouri 65606; and can be served with process through its registered agent: John D. Hammons, Jr., 2808 S. Ingram Mill, A104, Springfield, Missouri 65804. Herschend Entertainment Company, LLC is the sole shareholder of DW Holding Company, LLC.

6. Defendant Herschend Family Entertainment Corporation is a corporation organized under the laws of the State of Missouri; was doing business in the State of Tennessee at all times relevant to this cause of action; has its principal place of business located at 2800 W. 76 County Blvd., Branson, Missouri 65606; and can be served with process through its registered agent: John

D. Hammons, Jr., 2808 S. Ingram Mill, A104, Springfield, Missouri 65804. Herschend Family Entertainment Corporation is the sole shareholder of Herschend Entertainment Company, LLC.

## II. JURISDICTION AND VENUE.

7. This Court has subject matter jurisdiction over this tort lawsuit, pursuant to 28 U.S.C. § 1332, because diversity of citizenship exists between the Plaintiffs Monica Jemison and Bernard Jemison, who are citizens and residents of the State of Virginia, and all of the Defendants (i.e. The Dollywood Company; Dolly Parton Productions, Inc.; DW Holding Company, LLC; Herschend Entertainment Company, LLC; and Herschend Family Entertainment Corporation) who are citizens and residents of the States of Tennessee, California, and Missouri respectively and because the amount in controversy in this lawsuit exceeds $75,000.00.

8. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(a), because this cause of action arose in Pigeon Forge, Sevier County, Tennessee, which is in this judicial district.

## III. FACTS.

9. At all times relevant to this cause of action Defendants Dolly Parton Productions, Inc. and DW Holding, LLC were a joint venture d/b/a The Dollywood Company that owned and operated Dollywood's Splash Country, a water park in Pigeon Forge, Tennessee that featured a number and variety of waterslides, including the Mountain Scream.

10. At all times relevant to this cause of action and on July 10, 2021 Defendants Dolly Parton Productions, Inc.; DW Holding, LLC; Herschend Entertainment Company, LLC; and Herschend Family Entertainment Corporation; and/or their joint venture Defendant The Dollywood Company owned, operated, maintained, supervised, and controlled the theme park known as Dollywood that is located in Pigeon Forge, Sevier County Tennessee and included in Dollywood's Splash Country.

3

11. On July 10, 2021 Monica Jemison, Bernard Jemison, and their eleven year old son Corvin Jemison purchased tickets to Dollywood's Splash Country and were business invitees to that water park for their first time.

12. While they were at Dollywood's Splash Country on July 10, 2021, the Jemisons spent some time in the Mountain Waves wave pool and rode on rafts down both the Swiftwater Run and the Raging River Rapids waterslides that were both rated as difficulty No. 4 without incident before they decided to ride the Mountain Scream waterslide.

13. At the bottom of the stairs leading up to the Mountain Scream waterslide on July 10, 2021; a sign described the Mountain Scream waterslide as a "high-speed thrill ride through enclosed spiral tunnels with a fast vertical drop in an open channel; indicated that: "All riders must meet the following ride requirements. Ability to Exhibit Independent Seated Postural Control Under the Dynamic Conditions of the Attraction and Appropriate Observed Behavior;" had a Ride Symbol of 4 on a difficulty scale of 1 to 5; was further described as a: "High thrill and/or deep-water attractions [can] be stressful to those who fear high speeds, heights, or enclosed places. These rides require rider control, swimming skill and/or physical abilities;" set forth a height requirement as follows: "Guests must be at least 48 inches tall to ride;" and recommended that persons, who had "Heart Trouble;" "High Blood Pressure," "Back or Neck Injury," "Recent Injury or Illness," or "Pregnancy" should not ride the Mountain Scream waterslide.

14. Due to the fact that Monica Jemison could maintain postural control under dynamic conditions; did not fear high speeds, heights, or enclosed spaces; could swim and had physical abilities; and was approximately five (5) feet (i.e. 60 inches) tall and had safely rode the other waterslides rated as difficulty 4 waterslides; she reasonably believed that she would be able to ride the enclosed Mountain Scream waterslide without any difficulty and without suffering any injury.

4

15. After waiting in line, the Jemisons arrived at the top of the Mountain Scream waterslide, where Bernard and Corvin Jemison decided to ride one of the "open" waterslides and Monica Jemison decided to ride the enclosed waterslide.

16. Before she started down the Mountain Scream waterslide, a young female employee of Dollywood's Splash Country instructed her to keep her arms folded over her chest and her feet crossed over her ankles, as she rode down that waterslide. However, that employee did not instruct Mrs. Jemison what she should do in the event that, during her rapid decent down the Mountain Scream waterslide that included numerous sharp turns and steep vertical drops, she was involuntarily flipped over onto her stomach.

17. When she started down the Mountain Scream waterslide, Monica Jemison was following the instructions that had been given to her by the Dollywood's Splash Country employee by laying on her back with her arms folded over her chest and her legs crossed at her ankles. However, while she was passing through the first sharp curve that included a steep vertical drop in that enclosed waterslide, she was involuntarily flipped over onto her stomach and was unable to breathe because her face was in the water coming down the bottom of the waterslide. For that reason, she struggled to turn over onto her back. However, when she attempted to do so, her right foot became caught on the roof of that enclosed waterslide and she came to a complete stop with water rushing over her head and face that made it very difficult for her to breathe. Although she felt sharp pain in both her right leg at her knee and her right hip, Mrs. Jemison struggled to free her right foot because she feared that she might drown in the flow of water coming down the waterslide or that someone else coming down the waterslide behind her would run into her. After a minute or two Mrs. Jemison finally was able to unstick her foot from the top of that enclosed waterslide.

5

18. After Mrs. Jemison finally freed herself and slid the rest of the way down the Mountain Scream waterslide and came to a stop at the level end of that waterslide before she reached the "splash pool," she felt a sharp pain in her right knee and right pelvis area and thought that she had broken her leg. Her husband Bernard was waiting for her in the splash pool. Mrs. Jemison waved to the lifeguard at the splash pool and told him she got stuck inside the slide and that she thought her leg was broken. That lifeguard called for an EMT. After the EMT arrived, he told Mrs. Jemison that it was likely she had only suffered a strained ligament, rather than a bone fracture. Mrs. Jemison then sat in a lounge chair by the splash pool at the end of the Mountain Scream waterslide for approximately 30 to 45 minutes to determine, if her pain would subside before seeking medical attention. As her knee continued to hurt and because she could not stand on her right leg, Mrs. Jemison requested a wheelchair and was wheeled to the Dollywood entrance, where her husband lifted her into their automobile.

19. As a direct and proximate result of the above-described July 10, 2021 incident at Dollywood's Splash Country, Monica Jemison suffered a fracture to her right leg and right pelvis; suffered severe physical pain and mental suffering; incurred significant medical expenses; lost wages; and sustained permanent partial disability for which the Defendants are jointly and severally liable to her.

20. As a direct and proximate result of the above-described July 10, 2021 incident at Dollywood's Splash County, Bernard Jemison suffered a loss of consortium with his wife Monica Jemison for which the Defendants are jointly and severally liable to him.

IV. CLAIMS.

21. Prior to and/or at the time of the July 10, 2021 incident described above Defendants The Dollywood Company; Dolly Parton Productions, Inc.; DW Holding Company, LLC;

6

Herschend Entertainment Company, LLC; and Herschend Family Entertainment Corporation and/or their employees or agents were guilty of one or more acts and omissions of common law negligence, including; but not limited to, the following:

a. Failing to properly and adequately warn Monica Jemison about the dangers of riding the Mountain Scream waterslide;

b. Failing to properly and adequately instruct Monica Jemison how to safely ride the Mountain Scream waterslide;

c. Failing to properly and adequately instruct Mrs. Jemison what to do in the event that she was involuntarily flipped over onto her stomach, while riding the Mountain Scream waterslide;

d. Allowing persons over 48 inches tall to ride the Mountain Scream waterslide;

e. Allowing persons, such as Monica Jemison, to ride the Mountain Scream waterslide, despite the fact that it knew or should have known that is was unsafe, dangerous, and/or ultra-hazardous, particularly for persons, such as Monica Jemison, who were approximately five feet in height;

f. Failing to properly and adequately warn Monica Jemison not to lift her feet in an effort to turn over in the event that she was involuntarily flipped over onto her stomach, while she was riding the Mountain Scream waterslide;

g. Failing to properly and/or adequately maintain the Mountain Scream waterslide to provide Monica Jemison a reasonably safe ride;

h. Failing to properly and adequately operate the Mountain Scream waterslide to provide Monica Jemison a reasonably safe ride;

7

i. Failing to properly and adequately train its employees how to properly screen shorter patrons, such as Mrs. Jemison, and prevent them from riding the Mountain Scream waterslide;

j. Failing to properly and adequately train its employees how to instruct shorter patrons, such as Monica Jemison, to properly and safely ride the Mountain Scream waterslide;

k. Allowing Monica Jemison who was approximately five feet in height to ride the Mountain Scream waterslide, despite the fact that it knew or should have known that persons of that height could suffer an injury in the same manner as did Monica Jemison at the time of the incident at issue;

l. Failing to properly and adequately warn Monica Jemison of risks she would encounter while riding the Mountain Scream waterslide;

m. Failing to properly and adequately test the Mountain Scream waterslide to determine the appropriate height limitation for persons to safely ride that waterslide;

n. Failing to exercise reasonable care under all of the circumstances;

o. Failing to exercise reasonable care to test and determine the appropriate minimum height for persons, who could safely ride the Mountain Scream waterslide;

p. Allowing Monica Jemison to ride on the dangerous, defective and/or ultra-hazardous Mountain Scream waterslide, despite the fact that it knew or should have known that, due to the fact that said waterslide was enclosed and included spiral or corkscrew turns and a fast and aggressive vertical drops that persons, such as Monica Jemison, riding that waterslide could suffer serious injuries;

8

q. Failing to properly and adequately test, inspect, maintain, and/or operate the Mountain Scream waterslide to ensure its safety;

r. Failing to exercise the highest degree of care, as they were required to do as owners and/or operators of an amusement rides in the State of Tennessee; and

s. Allowing persons to ride on the Mountain Scream waterslide, despite the fact that they knew or should have known that said waterslide was in a defective and/or unreasonably dangerous condition that created a high probability that persons riding said waterslide would suffer a serious injuries and/or death.

22. One or more of the above-described acts or omissions of negligence on the part of Defendants The Dollywood Company, Dolly Parton Productions, Inc.; DW Holding Company, LLC; Herschend Entertainment Company, LLC; and/or Herschend Family Entertainment Corporation and/or their employees or agents were the direct and proximate cause of the above-described July 10, 2021 incident and the resulting injuries and damages suffered by Monica Jemison and Bernard Jemison. Therefore, said Defendants are liable to Plaintiffs Monica Jemison and Bernard Jemison jointly and severally for all said injuries and damages.

23. At all times relevant to this cause of action, all of the persons working at the Mountain Scream waterslide were employees of Defendants The Dollywood Company; Dolly Parton Productions, Inc.; DW Holding Company, LLC; Herschend Entertainment Company, LLC; and/or Herschend Family Entertainment Corporation. As a consequence, the negligent acts and/or omissions of said employees are attributed to said Defendants under the doctrine of *respondeat superior*.

24. One or more of the above-described acts or omissions of negligence on the part of Defendants The Dollywood Company; Dolly Parton Productions, Inc.; DW Holding Company,

9

LLC; Herschend Entertainment Company, LLC; and/or Herschend Family Entertainment Corporation and/or their employees or agents constituted intentional, reckless, willful, and/or wanton behavior; created a strong probability of injury or death; and exhibited a conscious indifference for the safety and welfare of others, including Monica Jemison. Therefore, said Defendants also are liable to the Plaintiffs for punitive damages.

### III. VIOLATION OF TENNESSEE STATUTES AND REGULATIONS.

25. Prior to and at the time and place of the incident described above, Defendants The Dollywood Company; Dolly Parton Productions, Inc.; DW Holding Company, LLC; Herschend Entertainment Company, LLC; and/or Herschend Family Entertainment Corporation and/or one or more of their employees or agents violated one or more statutes and regulations of the State of Tennessee, which were in full force and effect at that time, including; but not limited to: Tenn. Code Ann. § 68-121-116 through Tenn. Code Ann. § 68-121-125 regarding Amusement Devices and the Tennessee Regulations that were promulgated under those statutes at Chapter 0800-03-04.

26. Prior to and/or at the time of the incident described above Defendants The Dollywood Company; Dolly Parton Productions, Inc.; DW Holding Company, LLC; Herschend Entertainment Company, LLC; and/or Herschend Family Entertainment Corporation and/or one or more of their employees or agents violated one or more of the above-cited statutes and/or regulations of the State of Tennessee, which was/were a direct and proximate cause of the incident at issue and the injuries and/or damages suffered by Plaintiffs Monica Jemison and Bernard Jemison.

27. The violation by Defendants Dolly Parton Productions, Inc.; DW Holding Company, LLC; The Dollywood Company; Herschend Entertainment Company, LLC; and/or Herschend Family Entertainment Corporation and/or one or more of their employees or agents

violated one or more of the above-cited statutes and/or regulations of the State of Tennessee and constituted negligence *per se* and was a direct and proximate cause of the July 10, 2021 incident and the resulting injuries and damages of Monica Jemison and Bernard Jemison. Therefore, said Defendants are liable to Plaintiffs Monica Jemison and Bernard Jemison for all said injuries and damages.

28. The violation by Defendants The Dollywood Company; Dolly Parton Productions, Inc.; DW Holding Company, LLC; Herschend Entertainment Company, LLC; and/or Herschend Family Entertainment Corporation and/or one or more of their employees of one or more of the above statutes and/or regulations of the State of Tennessee constituted intention, reckless, willful, and/or wanton behavior; created a strong possibility of injury or death; and exhibited a conscious indifference for the safety and welfare of others, including Monica Jemison. Therefore, all said Defendants also are liable to Plaintiffs Monica Jemison and Bernard Jemison for punitive damages.

IV. DAMAGES.

29. As a direct and proximate result of the above-described negligent acts and/or omissions and/or the violation of one or more of the above statutes and/or regulations of the State of Tennessee by Defendants The Dollywood Company; Dolly Parton Productions, Inc.; DW Holding Company, LLC; Herschend Entertainment Company, LLC; and/or Herschend Family Entertainment Corporation and/or one or more of their employees or agents: Monica Jemison suffered severe personal injuries and permanent disability and pain and suffering, and also incurred monetary damages, including medical expenses, lost earnings, and a loss of future earning capacity for all of which said Defendants are jointly and severally liable to her.

30. As a direct and proximate result of the above-described negligent acts or omissions and/or the violation of one or more of the above-listed statutes and/or regulations of the State of

11

Tennessee by Defendants The Dollywood Company; Dolly Parton Productions, Inc.; DW Holding Company, LLC; Herschend Entertainment Company, LLC; and/or Herschend Family Entertainment Corporation and/or one or more of their employees or agents; Plaintiff Bernard Jemison suffered a loss of consortium with his wife Monica Jemison for which said Defendants are jointly and severally liable to him.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs Monica Jemison and Bernard Jemison pray:

1. Process issue against Defendants The Dollywood Company; Dolly Parton Productions, Inc.; DW Holding Company, LLC; Herschend Entertainment Company, LLC; and/or Herschend Family Entertainment Corporation requiring each Defendant to Answer this Complaint;

2. Plaintiff Monica Jemison be awarded a Judgment against Defendants The Dollywood Company; Dolly Parton Productions, Inc.; DW Holding Company, LLC; Herschend Entertainment Company, LLC; and/or Herschend Family Entertainment Corporation, jointly and severally, for compensatory damages in the amount of Three Hundred Thousand and 00/100 ($300,000.00) Dollars; and

3. Plaintiff Bernard Jemison be awarded a Judgment against Defendants The Dollywood Company; Dolly Parton Productions, Inc.; DW Holding Company, LLC; Herschend Entertainment Company, LLC; and/or Herschend Family Entertainment Corporation, jointly and severally, for compensatory damages in the amount of Seventy-Five Thousand and 00/100 ($75,000.00) Dollars;

4. Plaintiffs Monica Jemison and Bernard Jemison be awarded a Judgment against Defendants The Dollywood Company; Dolly Parton Productions, Inc.; DW Holding Company, LLC; Herschend Entertainment Company, LLC; and/or Herschend Family Entertainment

12

Corporation, jointly and severally, for punitive damages in the amount of Five Hundred Thousand ($500,000.00) Dollars.

5. Plaintiffs Monica Jemison and Bernard Jemison be granted such other, general, and/or equitable relief to which they may be entitled; and

6. Plaintiffs Monica Jemison and Bernard Jemison demand a jury to try this case.

Respectfully submitted,

THE HAMILTON FIRM

*[signature]*
John W. Chandler, Jr., BPR No. 06219
2401 Broad Street, Suite 102
Chattanooga, TN 37408
Ph. (423) 634.0871
Fax: (423) 634.0874
*Attorney for Plaintiffs*